**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-20048

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

REYNEL NABOYAN and SENAIDO ADAME,

Defendants-Appellants.

Appeal from the United States District Court
For the Southern District of Texas
(CR-H-94-157-1)

April 9, 1997

Before KING and PARKER, Circuit Judges and ROSENTHAL[*], District
Judge.

PER CURIAM:[**]

Appellants Reynel Naboyan ("Naboyan") and Senaido Adame

---

[*]   U.S. District Judge from the Southern District of Texas,
sitting by designation.

[**]   Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

1

("Adame") were convicted of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(b)(1)(A) on October 2, 1995, after a jury trial. Their co-defendant Jose Elias was found not guilty on both counts. Naboyan was sentenced to concurrent 295-month terms of confinement, followed by concurrent five-year terms of supervised release, a $10,000 fine and the $100 special assessment. Adame was sentenced to serve concurrent 300-month terms of confinement, concurrent five-year terms of supervised release, a $2,500 find and the $100 special assessment. Naboyan and Adame appeal.

The district court did not abuse its discretion in denying Naboyan's motion to sever his trial from codefendant Elias. A review of the record, briefs and arguments reveals no serious risk that the joint trial compromised Naboyan's specific trial rights or prevented the jury from making a reliable judgment about guilt or innocence. *See Zafiro v. United States*, 113 S. Ct. 933, 938 (1993). Neither did the district court abuse its discretion in denying Naboyan's motion for mistrial after a government witness mentioned that Naboyan had a "criminal history." There is no significant possibility that the prejudicial evidence had a substantial impact upon the jury verdict, viewed in light of the entire record. *See United States v. Limones*, 8 F.3d 1004, 1008 (5th Cir. 1993).

2

The district court did not err in denying Naboyan's motion to suppress evidence seized pursuant to the search of a vehicle after an investigatory stop. The district court's finding that the officers had the objective justification needed for an investigative stop was not clear error. *See United States v. Tellez,* 11 F.3d 530, 532 (5th Cir. 1993).

The district court did not abuse its discretion in admitting extrinsic evidence of Adame's deferred adjudication and ten importation of marijuana offenses under FED.R.EVID. 404(b). The fact that Adame had trafficked in drugs in the past, by driving a vehicle containing concealed drugs for a friend to a designated location is relevant to and probative of the issue of his knowledge that the friend's vehicle which he was driving in this case contained drugs, which sufficiently outweighed the prejudice of admitting the Rule 404(b) evidence. *See United States v. Beechum*, 582 F.2d 898, 915 (1979).

Finally, the evidence was sufficient to support the jury's guilty verdicts as to both counts against Naboyan and Adame.

For the foregoing reasons, we affirm the convictions of Naboyan and Adame.

AFFIRMED.